**Not for Publication**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **ATTA-LASSE A. MENSAH,** | : | |
| **Plaintiff,** | : | Civil Action No. 18-9247 (ES) (MAH) |
| **v.** | : | **OPINION** |
| **DEBORAH MANNING, et al.** | : | |
| **Defendants.** | : | |

**SALAS, DISTRICT JUDGE**

Before the Court are three motions to dismiss:  Bank of America, N.A., Bank of America Home Loans Servicing, and Countrywide Home Loans, Inc.'s motion (D.E. No. 9); Nationstar Mortgage LLC's motion (D.E. No. 10); and MTGLQ Investors LP, Selene Finance LP, Mortgage Electronic Registration Systems, Inc., and Fannie Mae's motion (D.E. Nos. 12 & 14).[1]  Defendant Gary K. Norgaard joined in the second and third motions.  (*See* D.E. No. 17).  Defendants Deborah Manning and Better Homes and Gardens Real Estate – Rand Realty joined in all three motions. (D.E. No. 18).  And Defendants Stern, Lavinthal & Frankenberg, LLC, Christopher S. Tretola, and Kelly E. Drohan also joined in all three motions.  (D.E. No. 21).

The Court decides the motions without oral argument.  *See* D.N.J. Civ. R. 78.1(b); *see also* Fed. R. Civ. P. 78(b).  For the following reasons, the motions are GRANTED.

---

[1]     Docket Entry Number 12 is only a brief, which brief was then refiled as part of Docket Entry Number 13 along with a supporting certification, proposed order, and certificate of service.  (*See generally* D.E. No. 13).  The contents of Docket Entry Number 13 were then refiled in Docket Entry Number 14, which is substantially the same as Docket Entry Number 13, but added a notice of motion.  (*See generally* D.E. No. 14).  All three of these docket entries were filed on the same day, but none of them contains an explanation as to the triplicate filing.  (*See generally* D.E. Nos. 12, 13 & 14).  Because it seems that Docket Entry 14 is the final and most complete version of the filing, the Court will consider and cite that Docket Entry when evaluating the motion.

# I. Factual Background

The Court will "set out facts as they appear in the Complaint" (D.E. No. 1-1 ("Compl.")).

*See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

With respect to "Facts," plaintiff Atta-Lasse A. Mensah ("Plaintiff") alleges that "Ms. Manning gave money to tenant for key in apartment at 245 Ampere Pkwy in Bloomfield that was wrongfully foreclosed. The foreclosure was filed on 11-16-2009 by Bank of America, a debt collector. No assignment recorded until 12-09-2009. No note endorsed. No letter of intent. [sic.]" (*Id.* at 3).[2] "245 Ampere Pkwy in Bloomfield," New Jersey, is where "the events giving rise to [Plaintiff's] claim(s) occurred."[3] (*Id.* at 3 & 5). Further, Plaintiff alleges:

> Fannie Mae is "Trustee for poo #1" did not respond to RESPA QRW letter. Stern, Lavinthall, Frankenberg & Norgaard, LLC, a law firm conspired to hide the true owner. Nationstar Mortgage, LLC, Selene Finance, MTGLQ Investors LP, MERS, Bank of America, N.A. and others claim ownership of the property. All lawyers and companies employees conspired and produced false statements in this case. [*sic.*]

(*Id.* at 3). With respect to "Injuries," Plaintiff alleges:

> 1 - my family and I are constantly threatened and harassed by defendants. 2 - Tenants were illegally evicted - rents are owed to me; Apartment 3 $7500.00; Apartment 2, $4350.00. 3 - the house needs to be fixed $300,000.00. 4 - My credit is damaged. 5 - I filed for Chapter 7 and Chapter 13 bankruptcy just to keep defendants away. [*sic.*]

---

[2]  All references to page numbers of filings refer to their E.C.F. pagination in the upper-righthand corner.

[3]  The Court will refer to the property at this address as "the Property."

(*Id.* at 4).  And with respect to "Relief," Plaintiff seeks "damages" for violation of RESPA,[4] TILA,[5] and the FDCPA,[6] and

> for declaratory and injunctive relief; for rent not collected; for fixing the property; for me to be able to rent out the property; damages for violations of the agreement with Federal Banking Regulators to fix deficient mortgage servicing and foreclosure processes of February 2012. [*sic.*]

(*Id.*).

Plaintiff, then, apparently brings five claims:  claims for violations of (1) RESPA, (2) TILA, and (3) the FDCPA; and claims for (4) conspiracy and (5) harassment.

## II. Subject-Matter Jurisdiction

The Court first addresses two defects with respect to subject-matter jurisdiction.

***First***, Plaintiff identified the "basis for federal court jurisdiction" as "Diversity of Citizenship."  (*Id.* at 2).  But "[f]or diversity jurisdiction to lie, there must be 'complete diversity' amongst the parties;" and complete diversity, "which must exist at the time the action is initiated, means that the plaintiff cannot be a citizen of the same state as any of the defendants."  *Fink v. Kirchner*, 731 F. App'x 157, 159 n.4 (3d Cir. 2018).  Here, the Complaint alleges that Plaintiff's own state of citizenship *and* the state of citizenship of at least one defendant is New Jersey.  (*See id.* at 3).  Accordingly, diversity of citizenship cannot be a basis for jurisdiction over any of Plaintiff's claims.[7]  *See, e.g.*, *Fink*, 731 F. App'x at 159 n.4.

---

[4] "RESPA" is the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*

[5] "TILA" is the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

[6] "FDCPA" is the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

[7] Presumably, Plaintiff wished this head of jurisdiction to cover Plaintiff's "conspiracy" and "harassment" claims, which do not arise under federal statutes like the RESPA, TILA, and FDCPA claims.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotation marks omitted).  An alternative basis for dismissal of the conspiracy and harassment claims is discussed below.

**Second**, each brief supporting a motion to dismiss contends that the Court lacks subject-matter jurisdiction over all of Plaintiff's claims under the *Rooker-Feldman* doctrine. (*See* D.E. No. 9-1 at 13–16; D.E. No 10-1 at 11–13; D.E. No 14-1 at 5–8); *see generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Plaintiff alleges that the Property "was wrongfully foreclosed." (Compl. at 3). And Plaintiff's claimed injuries apparently arise from that foreclosure. (*See, e.g.*, *id.* at 4 (alleging, inter alia, that Plaintiff's "[t]enants were . . . evicted" and her "credit is damaged" and that Plaintiff "filed for Chapter 7 and Chapter 13 bankruptcy")). Thus to the extent that the Complaint "can be read to include a request for the . . . Court to overturn or negate the state court judgment of foreclosure," the Court agrees that the *Rooker-Feldman* doctrine bars jurisdiction over Plaintiff's claims. *See Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (3d Cir. 2017); *Monclova v. US Bank NA*, 675 F. App'x 115, 117 (3d Cir. 2017) ("[I]nsofar as [a plaintiff] challenges [a] foreclosure order, her claims are barred by the *Rooker-Feldman* doctrine.").

Alternatively, "[t]o the extent [Plaintiff] complain[s] not of injuries caused by the state court judgment [of foreclosure], but injuries caused by violations of . . . law that occurred before or after the judgment," Plaintiffs claims would not be barred by *Rooker-Feldman* but would "fail for other reasons." *See Otto*, 693 F. App'x at 163; *Monclova*, 675 F. App'x at 117. The Court discusses some of these reasons—such as statutes of limitations and failure to state a claim— below. *See, e.g.*, *Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 126 (3d Cir. 2016).

## III.     RESPA, TILA, and FDCPA Claims

Each brief supporting a motion to dismiss contends that statutes of limitations would bar all of Plaintiff's RESPA, TILA, and FDCPA claims. (*See* D.E. No. 9-1 at 19–20; D.E. No 10-1 at 18; D.E. No 14-1 at 12–13). The Court agrees.

Under RESPA, a claim "may be brought" at latest "within 3 years" of an alleged violation. *See* 12 U.S.C. § 2614; *see also Cuevas*, 643 F. App'x at 126. Under TILA, an action "may be brought" at latest "before the end of the 3-year period beginning on the date of the occurrence of the violation." *See* 15 U.S.C. § 1640; *Cuevas*, 643 F. App'x at 126. And under the FDCPA, a claim "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012).

Here, the Complaint alleges that the Property was "wrongfully foreclosed" after "foreclosure was filed on 11-16-2009" and "[n]o assignment [was] recorded until 12-09-2009." (Compl. at 3). Except for the allegation discussed in the following paragraph, the Complaint does not allege any other act or omission that occurred since 2009 that could plausibly give rise to liability under RESPA, TILA, or the FDCPA. (*See generally* Compl.). Therefore, because 2009 is not within three years of the filing of the Complaint in 2018, each claim Plaintiff sought to bring under RESPA, TILA, or the FDCPA is barred by each relevant statute of limitations. *See* 12 U.S.C. § 2614; 15 U.S.C. § 1640; 15 U.S.C. § 1692k(d).

But the Complaint also alleges that "Fannie Mae . . . did not respond to [a] RESPA QRW letter."[8] (Compl. at 3). Plaintiff, however, does not allege *when* Plaintiff sent Fannie Mae a QWR letter. (*See generally* Compl.). If Plaintiff sent the letter before the 2009 foreclosure, Plaintiff's RESPA claim would nevertheless be barred under the statute of limitations as discussed above. *See* 12 U.S.C. § 2614; *Cuevas*, 643 F. App'x at 126. And if Plaintiff sent the letter after the 2009 foreclosure, Fannie Mae would have had "no obligation to respond" because "a mortgage loan is

---

[8]     A "QWR" is a "qualified written request;" and, "[u]nder RESPA, a mortgage loan servicer who receives a qualified written request . . . regarding a mortgage loan [may be] obligated to both conduct a reasonable investigation and respond to the request. *Perez v. Seterus, Inc.*, No. 17-5862, 2017 WL 5513687, at *4 (D.N.J. Nov. 16, 2017) (citing 12 C.F.R. § 1024.35(e)).

extinguished once a judgment of foreclosure is entered." *See Perez v. Seterus, Inc.*, No. 17-5862, 2017 WL 5513687, at *4 (D.N.J. Nov. 16, 2017).

Accordingly, the Court must dismiss all claims Plaintiff sought to bring under RESPA, TILA, and the FDCPA.[9]

## IV.    Conspiracy and Harassment

The Complaint alleges that "Stern, Lavinthall, Frankenberg & Norgaard, LLC, . . . conspired to hide the true owner" and "[a]ll lawyers and companies['] employees conspired and produced false statements in this case." (Compl. at 3). The Complaint also alleges that Plaintiff and Plaintiff's family "are constantly threatened and harassed by defendants." (*Id.*).

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Here, the Complaint contains nothing more than "mere conclusory statements" regarding the foregoing conspiracy and harassment claims (*see generally* Compl.), so they must be dismissed. *See, e.g.*, *Twombly*, 550 U.S. at 570.[10]

---

[9]    Plaintiff also references an "agreement with Federal Banking Regulators to fix deficient mortgage servicing and foreclosure processes of February 2012" and contends that she is entitled to damages for "violations" of that agreement. (*See* Compl. at 4). The Court cannot determine what source of law this claim could arise under, or whether it permits private causes of action for damages. (*See id.*). Hence the Complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

And to the extent that Plaintiff attempts to bring a breach of contract claim, the Court must similarly dismiss it. The Court of Appeals has ruled that a "breach of contract claims fail[s]" when the plaintiff "fail[s] to cite to a single provision of the [contract] that has been breached." *See Fabbro v. DRX Urgent Care, LLC*, 616 F. App'x 485, 487 (3d Cir. 2015); *see also Grande Vill. LLC v. CIBC Inc.*, No. 14-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015).

[10]    A district court "has discretion to decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Obuskovic v. Wood*, No. 18-2344, 2019 WL 168909, at *3 (3d Cir. Jan. 11, 2019) (quoting 28 U.S.C. § 1367(c)(3) (internal quotation marks omitted)). Hence

Accordingly, even if the Court were to have jurisdiction, the Court "properly dispose[s] of [the Complaint] on other grounds"—under statutes of limitations and Rule 8(a). *See McKee v. Pittsburgh Nat'l Bank*, 627 F. App'x 88, 91 (3d Cir. 2015).[11]

## V. Conclusion

For the foregoing reasons, the Court GRANTS the defendants' motions to dismiss: The Complaint is DISMISSED *without prejudice*.[12] To the extent Plaintiff can cure any deficiencies identified in this Opinion, Plaintiff may do so within thirty days in an amended complaint. But the Court may close this case "if a timely amendment is not forthcoming within that time." *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (per curiam)).

An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J**

---

even had Plaintiff stated conspiracy and harassment claims, the Court could have "properly declined to exercise supplemental jurisdiction" over those claims. *See id.*

[11] The Court observes that Plaintiff's opposition brief does not include argument on subject-matter jurisdiction or the additional grounds for dismissal discussed above. (*See generally* D.E. No. 15). Well beyond the deadline, Plaintiff filed an additional opposition brief, but it is similarly conclusory and unavailing. (*See generally* D.E. No. 27).

[12] Because the Court is dismissing all claims, it need not rule on any alternative argument for dismissal. (*See, e.g.*, D.E. No. 10-1 at 18–19 (contending that claims against Nationstar Mortgage LLC should be dismissed for lack of personal jurisdiction)).