**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATTA-LASSE A. MENSAH<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH MANNING, *et al.*,<br><br>Defendants. | Civil Action No. 18-9247 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

*Pro se* plaintiff Atta-Lasse A. Mensah ("Plaintiff") brings this action against defendants Deborah Manning, Nationstar Mortgage, LLC, MTGLQ Investors, LP, Selene Finance, Fannie Mae, Better Homes and Gardens Rand Realty, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Stern, Lavinthal & Frankenberg, LLC (collectively, "Defendants")[1] in connection with a residential mortgage loan transaction and foreclosure action. Before the Court are four motions to dismiss Plaintiff's first amended complaint (D.E. No. 32 ("Amended Complaint" or "Am. Compl.")) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6): the motions of Bank of America, N.A. ("BOA") (D.E. No. 38); Nationstar Mortgage LLC ("Nationstar") (D.E. No. 39); Deborah Manning and Better Homes and Garden Real Estate Rand Realty (D.E. No. 40); and MTGLQ Investors LP, Selene Finance LP, Mortgage Electronic Registration Systems, Inc., and Fannie Mae (D.E. No. 42). Defendants Deborah Manning, Better Homes and Garden Real Estate Rand Realty, Stern, Lavinthal & Frankenberg, LLC, Jeanette

---

[1] Plaintiff previously asserted claims against a group of over twenty defendants; however, Plaintiff's Amended Complaint asserts claims only against the above-named defendants. (*Compare* Am. Compl. *with* D.E. No. 1). The named Defendants appear as designated in the Amended Complaint. (*See generally* Am. Compl.).

Frankenberg, Christopher S. Tretola and Kelly E. Drohan join in the legal arguments raised by BOA and Nationstar in their motions.[2] (D.E. No. 40-1 at 4; D.E. No. 41). In lieu of a formal opposition, Plaintiff submitted a letter dated April 22, 2019, requesting that this Court "deny the Defendants['] Motions to Dismiss the Complaint as [they are] now moot." (D.E. No. 44).

The Court has considered the parties' submissions and decides the motions without oral argument. *See* D.N.J. Civ. R. 78.1(b); *see also* Fed. R. Civ. P. 78(b). For the following reasons, the motions are GRANTED.

## I. Background

### A. Factual Background

On June 24, 2004, Plaintiff executed a note in favor of Countrywide Home Loans, Inc., ("Countrywide") in the amount of $243,000 (the "Note"), and a mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, secured by property located at 245 Ampere Parkway, Bloomfield, New Jersey 07003 (the "Property") (collectively the "Loan"). (D.E. No. 38-2 ("Rosen Decl."); D.E. No. 38-3, Ex. 2 to Rosen Decl. ("State Compl.")).[3] Plaintiff defaulted on the Loan on or about July 1, 2009. (State Compl. ¶ 7).

On November 17, 2009, BAC Home Loans Servicing, L.P. (formerly Countrywide) commenced a foreclosure action against Plaintiff in the Superior Court of New Jersey, Essex County seeking to enforce the Note and Mortgage and to foreclose on the Property ("State

---

[2] Although defendants Jeanette Frankenberg, Christopher S. Tretola and Kelly E. Drohan joined in the first and second motions, they were not named as defendants in the Amended Complaint. (*Compare* Am. Compl. *with* D.E. No. 1).

[3] The Court takes judicial notice of several items of public record attached to BOA's motion to dismiss from the underlying state foreclosure action that are integral to the procedural history and are incorporated by reference in the Amended Complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

Foreclosure Action"). (*See generally* State Compl.). Subsequently, defendant Nationstar acquired the Loan and became named plaintiff in the State Foreclosure Action, over Plaintiff's objection. (Am. Compl. at 5, ¶ 18; D.E. No 38-3, Exs. 9 & 10 to Rosen Decl.).[4] The state court granted final judgment in favor of Nationstar on July 31, 2015, again over Plaintiff's objection. (D.E. No. 38-4, Exs. 12 & 13 to Rosen Decl.). Plaintiff moved to vacate the state court's final judgment of foreclosure on December 29, 2016, and the motion was denied on May 12, 2017. (D.E. No. 38-4, Exs. 16 & 17 to Rosen Decl.). On May 17, 2017, Plaintiff moved to stay the Sheriff's sale of the Property, which the state court denied on the same day. (D.E. No. 38-4, Ex. 18 to Rosen Decl.). Sometime thereafter, Plaintiff alleges that defendant MTGLQ Investors, LP purchased an interest in the Property with the aid of defendants Selene Finance, Better Homes and Gardens Rand Realty and Deborah Manning. (*See* Am. Compl. at 5, ¶¶ 20–21).

**B. Procedural History**

On May 16, 2018, Plaintiff filed the initial complaint against the Defendants relating to the foreclosure. (*See generally* D.E. No. 1). On Defendants' motions, the Court dismissed Plaintiff's initial complaint for lack of subject matter jurisdiction and for failure to state a claim under Rule 12(b)(6). (D.E. No. 29).

Plaintiff filed an Amended Complaint containing five counts on March 14, 2019. (*See generally* Am. Compl.). Count One seeks damages for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), which the Amended Complaint describes as

---

[4] The Court cites to page numbers and paragraph numbers in the Amended Complaint because Plaintiff failed to list paragraphs consecutively between sectioned headings. Consequently, the Amended Complaint contains duplicative paragraphs labeled 1 through 33. Additionally, because the Amended Complaint does not contain page numbers, all page references to the Amended Complaint are to the E.C.F. pagination in the upper-righthand corner.

"('RESPA')(REGULATION Z)."[5] (*Id.* at 7–9, ¶¶ 1–12). Count Two alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 9–10, ¶¶ 13–17). Count Three alleges a claim under New Jersey's Consumer Fraud Act ("NJCFA"). (*Id.* at 10–11, ¶¶ 19–26). Count Four alleges a claim for breach of the covenant of good faith and fair dealing. (*Id.* at 11–12, ¶¶ 27–35). Count Five alleges a claim for conspiracy to commit a tort. (*Id.* at 12–13, ¶¶ 36–41).

## II. Legal Standards

### A. Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

The Court can adjudicate a dispute only if it has subject-matter jurisdiction to hear the asserted claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (noting federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). "Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016), *aff'd*, 693 Fed. App'x 161 (3d Cir. 2017). In deciding a 12(b)(1) motion, "a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed." *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017). "When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack" which "contests the sufficiency of the complaint because of a defect on its face." *Id.* In reviewing a facial attack, the court should consider only the allegations in the complaint, along with documents referenced therein, in the light most favorable to the nonmoving party. *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, the motion is handled

---

[5] Plaintiff's reference to "Regulation Z" seemingly implicates the Truth in Lending Act ("TILA"), which is implemented by "Regulation Z" under 12 C.F.R. § 226. Plaintiff does not mention TILA or "Regulation Z" elsewhere in the Amended Complaint.

much like a 12(b)(6) motion, and allegations in the complaint should be accepted as true. *Leadbeater*, 2017 WL 4790384, at *3.

### B.  Failure to State a Claim Under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  But a reviewing court does not accept as true the complaint's legal conclusions.  *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (citations and internal quotation marks omitted).  Further, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2008) (citations and internal quotation marks omitted).  Here, the Court takes judicial notice of and relies upon the public

records from the State Foreclosure Action in the New Jersey Superior Court, which are attached to BOA's motion to dismiss and are incorporated by reference in the Amended Complaint.

**III.  Discussion**

As a preliminary matter, the Court will first analyze those claims over which it has original jurisdiction pursuant to 28 U.S.C. § 1331 before evaluating the sufficiency of any state claims. "Federal question jurisdiction exists if the action 'arises under' the 'Constitution, laws, or treaties of the United States.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (quoting 28 U.S.C. § 1331). "Claims are deemed to arise under federal law if the resolution of a federal question necessarily plays a significant role in the proceedings." *Rosenberg v. AT&T Emps. Fed. Credit Union*, 726 F. Supp. 573, 576 (D.N.J. 1989). Accordingly, the Court will first consider Defendants' arguments as they relate to Counts One and Two of the Amended Complaint, which raise federal claims under RESPA / TILA and the FDCPA.[6]

**A.  *Rooker-Feldman* Doctrine**

First, the Defendants contend that the *Rooker-Feldman* doctrine bars all of Plaintiff's claims as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See* D.E. No. 38-1 at 7–10; D.E. No. 39-1 at 6–8; D.E. No. 40-1 at 4; D.E. No. 42-2 at 4–6); *see generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The Court disagrees that it lacks subject-matter jurisdiction under *Rooker-Feldman* with respect to Counts One and Two.

The *Rooker-Feldman* doctrine strips district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[6]  Plaintiff seemingly attempts to assert a claim for violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA") in the opening paragraph of the Amended Complaint. (Am. Compl. at 1). However, this purported claim lacks legal authority and factual bases, and is not asserted as a separate count. (*See generally id.*). Accordingly, the Amended Complaint does not allege "enough facts to state a claim to relief that is plausible on its face," and the Court does not further consider this purported claim under the DFA. *See Twombly*, 550 U.S. at 570.

district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. This is because federal district courts are "empowered to exercise original, not appellate, jurisdiction." *Id.* at 283. For the *Rooker-Feldman* doctrine to apply, the Third Circuit requires a showing that: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks omitted).[7]

Plaintiff easily meets elements one and three because Plaintiff lost in the underlying State Foreclosure Action almost three years before Plaintiff filed this action on May 16, 2018. (*See* D.E. No. 38-4, Ex. 13 to Rosen Decl. (attaching a copy of the state court's final judgment of foreclosure issued on July 31, 2015)). Moreover, the state court denied Plaintiff's motion to vacate the final judgment in an order issued on May 12, 2017. (D.E. No. 38-4, Exs. 16 & 17 to Rosen Decl.).

Prong two presents a more exacting question requiring "an inquiry into the source of the plaintiff's injury." *See Great W. Mining & Mineral Co.*, 615 F.3d at 166. "When the source of the injury is the defendant's actions (and not the state-court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court[.]" *Id.* at 167. "A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* For *Rooker-Feldman* to bar jurisdiction, the injury must

---

[7] Some defendants argue that *Rooker-Feldman* bars Plaintiff's claims because they are "inextricably intertwined" with the State Foreclosure Action. (*See* D.E. No. 38-1 at 9; D.E. No. 39-1 at 7; and D.E. No. 40-1 at 4). However, the Third Circuit has stated that the phrase "inextricably intertwined" did "not create an additional legal test or expand the scope of *Rooker–Feldman* beyond challenges to state-court judgments." *Great W. Mining*, 615 F.3d at 169–170. Though the inextricably intertwined test has not been explicitly rejected by this Circuit, this Court joins the majority of courts that use the four-part test articulated in *Great Western Mining*.

have been "*produced* by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* (emphasis added). Therefore, the Court must identify the source of the injury for each claim alleged by Plaintiff.

1. **Count One – Violation of RESPA / TILA**

Plaintiff's first count is brought under RESPA and "Regulation Z" under TILA. Plaintiff alleges that an unspecified defendant failed "to properly respond to multiple NOEs [Notices of Error]" and "RFIs [Requests for Information]" which constituted "a clear, distinct, and willful violation of" various RESPA regulations. (Am. Compl. at 8, ¶¶ 9–10). This injury is not one caused by the state-court judgment, but rather by alleged noncompliance with federal regulations under RESPA. *Alfaro v. Wells Fargo N.A.*, No. 16-7950, 2017 WL 4969334, at *3 (D.N.J. Nov. 1, 2017) (holding *Rooker-Feldman* inapplicable where adjudication of an alleged RESPA violation would not implicate the underlying mortgage or the state court's foreclosure judgment); *Siljee v. Atl. Stewardship Bank*, No. 15-1762, 2016 WL 2770806, at *5 (D.N.J. May 12, 2016) (finding that allegations for noncompliance with RESPA did not implicate defendant's standing or the validity of the mortgage because the claim dealt with the defendant's alleged failure to respond to a written request). Accordingly, the Court is satisfied that Count One does not allege the type of injury and review anticipated by this doctrine, and thus ends the *Rooker-Feldman* inquiry as to Count One.

2. **Count Two – Violation of the FDCPA**

Plaintiff next pleads that unspecified "Defendant(s), acted as a 'debt collector'" as defined in the FDCPA, and that it "has been damaged as a direct result of . . . violations of the FDCPA as set forth in this Complaint." (Am. Compl. at 9–10, ¶¶ 14–17). Specifically, Plaintiff contends that defendant violated the FDCPA as a debt collector who used (i) "false, deceptive, or misleading representation or means in connection with the collection of any debt" and (ii) "unfair or

unconscionable means to collect or attempt to collect any debt" under 15 U.S.C. §§ 1692(e) and (f).[8] (*Id.* at 9–10, ¶¶ 15–16). As such, Plaintiff's FDCPA allegation does not challenge the state court's judgment of foreclosure. Instead, Plaintiff's alleged injury emanates from alleged wrongful conduct in connection with the collection of debt. *See Destefano v. Udren Law Offices, P.C.*, No. 16-7559, 2017 WL 2812886, at *7, (D.N.J. June 29, 2017) (finding that the plaintiff's FDCPA claim was not barred by *Rooker-Feldman* because the alleged injuries did not derive from a judgment of the state court). Thus, Count Two is not barred under *Rooker-Feldman*.[9]

## B. Entire Controversy Doctrine

Next, all Defendants except Nationstar argue that the entire controversy doctrine bars Plaintiff's claims because Plaintiff attempts to re-litigate claims that were previously raised in the State Foreclosure Action and rejected by the state court. (D.E. No. 38-1 at 11; D.E. No. 40-1 at 4; D.E. No. 42-2 at 6 n.2). The Court finds that the entire controversy doctrine does not bar Plaintiff's claims.

The entire controversy doctrine bars claims brought in federal court "when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3rd Cir. 1991). The doctrine has three purposes: "(1) complete and final disposition

---

[8] The Amended Complaint incorrectly cites to "15 U.S.C. § 16923e" and "15 U.S.C. § 16923f." (Am. Compl. at 9–10, ¶¶ 15–16).

[9] Although the Court does not dismiss Plaintiff's FDCPA claim under *Rooker-Feldman*, it agrees with Defendants' argument (except BOA who failed to raise this ground for dismissal) that the FDCPA fails as a matter of law because they are not debt collectors for purposes of the FDCPA. *See Frazier v. Morristown Mem'l Hosp.*, 767 F. App'x 371, 374 (3d Cir. 2019) ("To prevail on an FDCPA claim, a plaintiff must prove that the defendant is a debt collector . . . . defined as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'") (quoting 15 U.S.C. § 1692a(6)); (*see* D.E. Nos. 39-1 at 12; 40-1 at 4; and 42-2 at 14–15). Here, Nationstar is plainly the assignee of Plaintiff's Loan and thus is not a "debt collector" under the FDCPA. (*See* Am. Compl. at 5, ¶ 18; D.E. No 38-3, Ex. 10 to Rosen Decl.). Moreover, Plaintiff fails to plead that any other defendant is a "debt collector" within the statute. (*See generally* Am. Compl.). However, because the Court dismisses the Amended Complaint for failure to properly plead under Rule 8(a) (*see infra* Part III.C), it need not dismiss Plaintiff's FDCPA claim solely on this ground.

of cases through avoidance of piecemeal decisions; (2) fairness to parties to an action and to others with a material interest in it; and (3) efficiency and avoidance of waste and delay." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008). To be clear, the entire controversy doctrine "does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action." *Id.* Under this doctrine, "all claims [and defenses] emanating from a transaction, or a related series of transactions, must be joined in a single proceeding." *Delacruz v. Alfieri*, 145 A.3d 695, 700 (N.J. Super. Ct. 2015). Relevant here, parties to a foreclosure action must raise all claims and defenses that are germane to the foreclosure within the foreclosure action. *Id.* at 707. Claims are germane when they arise out of the mortgage transaction, such as disputes over the validity of the loan documents. *Id.*; *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 471–73 (3rd Cir. 2011); *Willoughby*, 2014 WL 2711177, at *5 n.5 (quoting *LaSalle Nat. Bank v. Johnson*, No. 12888-05, 2006 WL 551563, at *2 (N.J. Super. Ct. Ch. Div. Mar. 3, 2006) (noting that claims germane to a foreclosure action include, among others, "fraud, mistake, waste . . . [and] non-compliance with regulatory pre-requisites to foreclosure")); *see also Harris v. Wells Fargo Bank, N.A.*, No. 16-3147, 2017 WL 3701442, at *7 (D.N.J. Aug. 28, 2017) (holding that the entire controversy doctrine barred plaintiff's claims because she knew or should have known about claims for alleged violations of RESPA, TILA and the FDCPA during the state foreclosure proceeding). "A defendant in a foreclosure case may not fail to diligently pursue a germane defense and then pursue a civil case against the lender alleging fraud by foreclosure." *Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 434 (N.J. Super. Ct. App. Div. 2018).

Importantly, because the entire controversy doctrine clearly bars claims against parties named in the underlying state action, the Court finds the entire controversy doctrine inapplicable

to all defendants who were *not* a named party in the State Foreclosure Action.[10] *See Rodrigues v. Wells Fargo Bank, N.A.*, 751 Fed. App'x 312, 316 n.4 (3d Cir. 2018) (stating that "[t]he District Court erroneously held that New Jersey's entire controversy doctrine 'encompasses not just claims but parties' . . . . [u]nder current New Jersey court rules and binding precedent from the New Jersey Supreme Court, the entire controversy doctrine no longer requires preclusion when there was a failure to join parties in a prior action."). Thus, the entire controversy doctrine does not bar Plaintiff's claims.

### C. Failure to Plead Under Rule 8(a)(2)

The Amended Complaint must be dismissed as to all Defendants for failure to meet the requirements of notice pleading under Rule 8(a)(2). Specifically, the Amended Complaint is deficient because it does not separate out liability for each named defendant.

Defendants contend that the Amended Complaint should be dismissed for failure to comply with Rule 8(a). (*See* D.E. No. 38-1 at 21; D.E. No. 39-1 at 6; D.E. No. 40-1 at 2–4; and D.E. No. 42-2 at 12–13). Rule 8(a)(2) requires that a complaint set forth claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, No. 14-2973, 2016 WL 886214, at *2 (D.N.J. Mar. 7, 2016).

---

[10] Nationstar is the only defendant in this action that was also a named party in the State Foreclosure Action. (*See* Am. Compl. at 5, ¶ 18; D.E. No 38-3, Ex. 10 to Rosen Decl.). However, the Court does not address the applicability of the entire controversy doctrine as to Nationstar because it failed to raise the doctrine as a ground for dismissal in its motion to dismiss the Amended Complaint. (*See* D.E. No. 39-1).

Here, each count of the Amended Complaint refers to actions taken by "Defendant," "the Defendant" or "Defendant(s)" interchangeably, without specifying which named defendant or defendants undertook which action. At most, two allegations can be connected directly to defendants Stern Lavinthal & Frankenberg, LLC and Nationstar. (Am. Compl. at 5, ¶ 22 ("Defendant Stern Lavinthal and Frankenberg LLC is the law firm that performed the illegal act of the foreclosure process"), and 6, ¶ 25 ("Defendant Nationstar Mortgage, LLC overlooked the irregularities perpetrated by their predecessor in interest and moved forward with foreclosure actions.")). However, the remaining RESPA / TILA and FDCPA allegations are entirely unclear as to which "Defendant" or "Defendant(s)" are allegedly liable for specific acts under any federal claim. (*See generally* Am. Compl.). In fact, the Amended Complaint provides no other factual allegations of any acts specifically undertaken by any Defendant that would connect them to Plaintiff's alleged injuries, much less that would give rise to a plausible claim for relief. (*See generally id.*). Instead, Plaintiff summarily asserts that "Defendant," "the Defendant" and "Defendant(s)" are liable for each cause of action. (*See generally id.*). Because such a vague group pleading "undermines the notice pleading regime of Rule 8," *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014), the Amended Complaint must be dismissed as it simply fails to place every named defendant on notice of the claims against each of them. *See, e.g.*, *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Japhet*, 2014 WL 3809173, at *2 ("Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to

whom [and] when. Such speculation is anathema to contemporary pleading standards."); *Shaw v. Housing Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to allege which defendant was liable, noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.").

Accordingly, because Plaintiff names at least nine defendants in the Amended Complaint and fails to establish which defendants, if any, committed the alleged federal violations, Plaintiff's remaining claims under RESPA / TILA and the FDCPA must be dismissed. Further, because this Court previously allowed Plaintiff to amend the prior complaint under Rule 8(a) for failure to plead "enough facts to state a claim to relief that is plausible on its face" (D.E. No. 29 at 6 n.9, 7 (quoting *Bell Atl. Corp.*, 550 U.S. at 570), the Court dismisses these claims *with prejudice*. *See, e.g.*, *Brown v. Cantineri*, No. 14-6391, 2017 WL 481467, at *2 (D.N.J. Feb. 6, 2017) ("Because I have already given [the plaintiff] one opportunity to amend, this dismissal is with prejudice."); *accord LeJon-Twin El v. Marino*, No. 16-2292, 2017 WL 1591856, at *4 (D.N.J. Apr. 28, 2017); *Venditto v. Vivint, Inc.*, No. 14-4357, 2015 WL 926203, at *15 (D.N.J. Mar. 2, 2015). This Court previously found Plaintiff's original complaint and claims difficult to decipher and deficient on numerous grounds, including failure to properly plead under Rule 8(a), as stated in its prior Opinion (D.E. No. 29 at 7).[11] The Court dismissed Plaintiff's original complaint and granted Plaintiff leave to amend, notwithstanding its prior untimely opposition which, like the present letter in opposition,

---

[11] Additionally, the Court's prior Opinion identified statute of limitations issues with respect to claims under RESPA, TILA and the FDCPA. (D.E. No. 11 at 4–6). Specifically, the Court stated that the prior complaint failed to identify "any act or omission that occurred since 2009," when the State Foreclosure Action was filed. (*Id.* at 5). Accordingly, the Court found that Plaintiff's claims were barred under RESPA's 3-year limitations period, TILA's 3-year limitations period, and the FDCPA's 1-year limitations period. (*Id.* at 5–6). Rather than squarely address these statute of limitations issues, Plaintiff's Amended Complaint adds factual allegations and entirely omits dates in connection with the Defendants' allegedly illegal conduct. Thus, Plaintiff's failure to specify dates or even a timeframe for the alleged conduct in question is another pleading deficiency in the Amended Complaint.

failed to set forth any arguments on subject-matter jurisdiction or pleading deficiencies. (*See id.* at 7 n.11; *see also* D.E. No. 44). Thus, because Plaintiff was on notice of its failure to properly plead under Rule 8(a) and failed to cure pleading deficiencies in the Amended Complaint, the Court dismisses Counts I and II *with prejudice* pursuant to the Court's inherent authority to manage the disposition of civil matters appearing on its docket and to promote judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases.").[12]

**IV. State Claims**

Because the Court dismisses all claims over which it has original jurisdiction, "it ha[s] the authority to decline to exercise supplemental jurisdiction" over the remaining state-law claims. *See Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015); *see also Obuskovic v. Wood*, 761 Fed. App'x 144, 148–49 (3d Cir. 2019) ("A District Court has discretion to decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." (quoting 28 U.S.C. § 1367(c)(3)) (internal quotation mark omitted)). Here, in its discretion, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for violations of the NJCFA, breach of the covenant of good faith and fair dealing, and conspiracy to commit a tort.[13] *See, e.g.*, *Mathis v. Phil. Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016).

---

[12] Because the Court dismisses all claims for failure to properly plead under Rule 8(a), it need not consider additional grounds for dismissal raised by Defendants, such as res judicata, the *Colorado River* abstention doctrine, and the *Younger* doctrine. (*See, e.g.*, D.E. Nos. 38-1 at 10–11; 39-1 at 8–9; and 42-2 at 7–8).

[13] Although not entirely clear, Plaintiff seemingly asserts claims for common law fraud and intentional and negligent infliction of emotional distress in the opening paragraph of the Amended Complaint. (Am. Compl. at 1–2). To the extent Plaintiff does assert those claims, for the same reasons stated above, the Court declines to exercise supplemental jurisdiction over them.

## V. Conclusion

For the foregoing reasons, the Court GRANTS the Defendants' motions to dismiss. As stated above, because this Court previously notified Plaintiff of numerous pleading deficiencies in the prior complaint and permitted Plaintiff to amend its federal claims under RESPA, TILA and the FDCPA, the Court dismisses Counts One and Two of the Amended Complaint *with prejudice*. *See, e.g.*, *Brown*, 2017 WL 481467, at *2. Counts Three, Four and Five are dismissed on jurisdictional grounds *without prejudice*.[14]

An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[14] Plaintiff's purported claims for common law fraud and intentional and negligent infliction of emotional distress are also dismissed *without prejudice*.